ORIGINAL

FILED
09 MAR 27 AM 11:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| | |
|---|---|
| 1 | OLIVA & ASSOCIATES ALC |
| | Joseph L. Oliva, Esq., State Bar No. 113889 |
| 2 | Michael S. Faircloth, Esq., State Bar No. 211153 |
| | 11770 Bernardo Plaza Court, Suite 350 |
| 3 | San Diego, California 92128 |
| | Telephone: (858) 385-0491 |
| 4 | Facsimile: (858) 385-0499 |
| | joliva@olivalaw.com |
| 5 | mfaircloth@olivalaw.com |
| 6 | BURKE O'NEIL LLC |
| | Susan L. Burke (Pro Hac Vice motion pending) |
| 7 | William F. Gould (Pro Hac Vice motion pending) |
| | Patrick C. O'Brien, State Bar No. 208191 |
| 8 | 1000 Potomac Street, SW, Suite 150 |
| | Washington, DC 20007 |
| 9 | Telephone: (202) 445-1409 |
| | sburke@burkeoneil.com |
| 10 | |
| 11 | CENTER FOR CONSTITUTIONAL RIGHTS |
| | Katherine M. Gallagher (Pro Hac Vice motion pending) |
| 12 | 666 Broadway |
| | New York, NY 10012 |
| 13 | Telephone: (212) 614-6455 |
| | kgallagher@ccrjustice.org |
| 14 | Attorneys for Plaintiff, |
| | ESTATE OF SA'AD RAHEEM JARALLAH |
| 15 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 18 | ESTATE OF SA'AD RAHEEM JARALLAH, | CASE NO. |
| 19 | Plaintiff, | '09 CV 0631 H    JMA |
| | v. | COMPLAINT FOR: |
| 20 | | |
| 21 | XE, formerly known as BLACKWATER WORLDWIDE and BLACKWATER LODGE AND TRAINING CENTER, INC.; | 1. WAR CRIMES |
| | | 2. ASSAULT AND BATTERY |
| 22 | FALCON; | 3. WRONGFUL DEATH |
| | BLACKWATER SECURITY CONSULTING, LLC; | 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| 23 | BLACKWATER ARMOR AND TARGETS, LLC; | 5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |
| 24 | BLACKWATER AIRSHIPS, LLC; | 6. NEGLIGENT HIRING, TRAINING AND SUPERVISION |
| 25 | BLACKWATER LOGISTICS, LLC; RAVEN DEVELOPMENT GROUP, LLC; | 7. TORTIOUS SPOLIATION OF EVIDENCE |
| 26 | GREYSTONE LIMITED TOTAL INTELLIGENCE SOLUTIONS, LLC; | |
| 27 | THE PRINCE GROUP LLC; EP INVESTMENTS, LLC; | DEMAND FOR JURY TRIAL |
| 28 | U.S. TRAINING CENTER; | |

1

COMPLAINT

1  U.S. TRAINING CENTER SOUTHWEST; )
2  ERIK PRINCE, )
   )
         Defendants. )
3

4       Plaintiff ESTATE OF SA'AD RAHEEM JARALLAH hereby alleges as follows:

## JURISDICTION AND VENUE

6  1.    This Court has original jurisdiction over the subject matter of this action pursuant
7  to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C.
8  § 1350 (Alien Tort Statute); and 28 U.S.C. § 1367 (supplemental jurisdiction).

9  2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(3) and
10 § 1391(b)(2).

## THE PARTIES

12 3.    Plaintiff is the Estate of Sa'ad Raheem Jarallah. Mr. Jarallah was a 53-year old
13 school teacher at a technical institution in the City of Al Amara, Maysan province. He was
14 married with four children, the youngest of which is 12 years old. On September 9, 2007, he
15 was visiting Bagdad, on behalf of his institution, when he was killed by Xe-Blackwater
16 shooters near Al Watahba Square.

17 4.    Defendant Erik Price is a resident of McLean, Virginia, with business offices at
18 1650 Tysons Boulevard, McLean, Virginia 22102, who personally and wholly owns holding
19 companies known as The Prince Group and EP Investments LLC. Mr. Price, through these
20 holding companies, owns and controls the various Xe-Blackwater entities, as well as entities
21 known as Greystone and Total Intelligence.

22 5.    Defendant The Prince Group LLC is a holding company located at 1650
23 Tysons Boulevard, McLean, Virginia 22102.

24 6.    Defendant EP Investments, LLC is a holding company managed by The Prince
25 Group LLC. EP Investments, LLC is located at 1650 Tysons Boulevard, McLean, Virginia
26 22102.

27 ///
28 ///

7. Defendant Erik Prince, acting through a web of companies operating under the "Xe" or "Blackwater" or "Falcon" or "Greystone" or "Total Intelligence" names, earns billions of dollars providing mercenaries (known as "shooters") for hire. The various Xe-Blackwater, Greystone and The Prince Group corporate entities were formed merely to reduce legal exposures and do not operate as individual and independent companies outside the control of Erik Prince. Erik Prince personally controls all the various entities.

8. Defendants Xe, Blackwater Worldwide, Blackwater Lodge and Training Center, Inc., Blackwater Target Systems, Blackwater Security Consulting and Raven Development Group are all located at 850 Puddin Ridge Road, Moyock, North Carolina 27958.

9. Defendant Greystone Ltd. and Total Intelligence Solutions LLP are companies through which Erik Prince conducts his mercenary business. Greystone Ltd. and Total Intelligence Solutions LLP are located at 1650 Tysons Boulevard, McLean, Virginia 22102.

10. Defendant U.S. Training Center, a subsidiary of Xe-Blackwater, operates U.S. Training Center Southwest. This 66,000 square foot training center provides military, law enforcement and private citizen firearms and specialty course training. US Training Center Southwest was formed and does business in this District at 7685 Siempre Viva Road, San Diego. It had previously conducted business in this District at 5590 Ruffin Road, San Diego.

## COMPLAINT

11. This action is being brought against Xe, formerly Blackwater, in all of its various corporate incarnations. These companies (including a Xe-Blackwater company called Falcon that continues to operate in Iraq), are all component parts of a single private company wholly owned and personally controlled by a man named Erik Prince. Prince and his corporate entities earn billions of dollars selling mercenary services.

12. On September 9, 2007, heavily-armed Blackwater mercenaries (known in Blackwater parlance as "shooters") working in Iraq fired, without justification, on a crowd of innocent Iraqi persons in and around Al Watahba Square resulting in multiple deaths and injuries. Mr. Jarallah was among those killed in this massacre. This senseless slaughter on

September 9, 2007, was only one in a series of recent incidents in Blackwater's lengthy pattern of egregious misconduct in Iraq resulting in the deaths of innocent Iraqis.

13. Xe-Blackwater created and fostered a culture of lawlessness amongst its employees, encouraging them to act in the company's financial interests at the expense of innocent human life. The September 9, 2007 shooting is one episode in a lengthy pattern of egregious misconduct by Xe - Blackwater acting in Iraq, Afghanistan and around the world. Xe-Blackwater created and fostered a culture of lawlessness amongst its employees, encouraging them to act in the company's financial interests at the expense of human life. This action seeks compensatory damages to compensate the family of Mr. Sa'ad Raheem Jarallah, who was gunned down and killed by Xe-Blackwater shooters. This action seeks punitive damages in an amount sufficient to punish Erik Prince and his Xe-Blackwater companies for their repeated callous killing of innocents.

### THE XE-BLACKWATER SEPTEMBER 9, 2007 MASSACRE

14. Xe-Blackwater provides armed forces to protect Department of State personnel in Iraq. These mobile armed forces that accompany diplomats and others in need of protection are consistently referred to by Xe-Blackwater as "shooters."

15. Xe - Blackwater earned more than two billion dollars from the United States. The United States paid Xe - Blackwater these substantial sums based on Xe - Blackwater's misrepresentations that it was a legitimate company able to conduct itself in a lawful manner. But in fact, Xe - Blackwater operates extra-legally, providing heavily-armed mercenaries who flout the laws of this nation and the host nation, Iraq.

16. On September 9, 2007, Blackwater shooters, whose identities are known to Defendants and are capable of being ascertained through discovery, used excessive force without justification and killed Mr. Jarallah and other civilians in and around Al Watahba Square, Baghdad.

17. The September 9, 2007, massacre was not an isolated instance of misconduct by Xe – Blackwater. Xe - Blackwater has a pattern and practice of recklessness in the use of deadly force. Xe - Blackwater has created and fostered a corporate culture in which

excessive and unnecessary use of deadly force by its employees is not investigated or punished in any way.

18. Xe - Blackwater routinely sends heavily-armed "shooters" into the streets of Baghdad with the knowledge that some of those "shooters" are chemically influenced by steroids and other judgment-altering substances.

19. Through their acts and omissions, Xe – Blackwater management encouraged shooting innocent Iraqis. Xe – Blackwater management refused to fire or discipline "shooters" who murdered innocent Iraqis. "Shooters" known to have committed "bad shoots" (i.e. murder) would not even be placed on the "do not use" list. Instead, Xe – Blackwater would continue to rehire and deploy "shooters" known to have killed innocents for no reason.

20. Xe – Blackwater captured much of the illegal conduct on videotape and audiotape. At times, Xe – Blackwater would even review the illegal conduct in a review called a "hot wash." Xe – Blackwater, however, did not report or punish the illegal conduct of its mercenaries. Instead, Xe – Blackwater intentionally destroyed the evidence of illegal conduct, and encouraged the mercenaries to do the same.

21. Plaintiff will show at trial a litany of illegal shootings around the globe known to Xe – Blackwater management.

22. Plaintiff will also show at trial that Xe – Blackwater hired and continues to hire former military officials known to have been involved in human rights abuses in Latin American and elsewhere.

23. Although Xe – Blackwater tries to pass itself off as a company using retired American military, the company actually recruits mercenaries from the Philippines, Chile, Nepal, Colombia, Ecuador, El Salvador, Honduras, Panama, Peru, Bulgaria, Poland, Romania, Jordan and perhaps South Africa. Xe - Blackwater hires and deploys to Iraq foreign nationals without regard for the fact that they were forbidden by the laws of their country from serving as mercenaries.

///

24. Xe - Blackwater repeatedly and routinely engages in other illegal conduct. Xe – Blackwater engages in conduct that violates the laws governing the use and sale of firearms.

25. Xe – Blackwater engages in conduct that violates the Anti-Pinkerton Act, 5 U.S.C. § 1803, which prohibits the United States from doing business with "[a]n individual employed by the Pinkerton Detective Agency, or similar organization." The legislative history of the Act makes it clear that a "similar organization" means any mercenary or quasi-mercenary organization. Xe - Blackwater constitutes such a "similar organization" and therefore lacks any valid contractual relationships with the United States.

26. Xe- Blackwater engages in conduct that violates the terms of its putative contracts with the United States.

27. Xe – Blackwater seriously harms the United States by its repeated and consistent failure to act in accord with the laws of the United States and international law, including the laws of war.

## DAMAGES

28. Defendants are liable for killing Sa'ad Raheem Jarallah. Defendants are liable for the pain and suffering caused to Mr. Jarallah, as well as the pain and suffering and loss of consortium.

29. Defendants are liable for the physical and mental injuries caused to Plaintiff.

30. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332. Plaintiff also seeks any and all additional remedies (such as attorneys' fees) available under law and equity.

## COUNT ONE – WAR CRIMES

31. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

32. Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and constitute war crimes.

33. Defendants' acts took place during a period of armed conflict.

COMPLAINT

34. Defendants committed war crimes, including willful killing and willfully causing great suffering or serious injury to body or health, against Plaintiff and others.

35. Defendants are liable for their conduct that constitutes war crimes.

36. Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT TWO – ASSAULT AND BATTERY

37. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

38. Defendants unlawfully intended to and did inflict immediate injury upon Plaintiff.

39. Defendants intentionally assaulted, battered, and made other offensive contacts; and aided and abetted the assaulting, battering and offensively contacting of the Plaintiff.

40. Plaintiff did not consent to the offensive contacts. Plaintiff feared for his personal safety and felt threatened by Defendants' actions.

41. Defendants committed the assaults and batteries.

42. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT THREE – WRONGFUL DEATH

43. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

44. Defendants' wrongful acts and omissions caused the death of Plaintiff.

45. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful death.

46. Plaintiff is the duly appointed personal representative of Sa'ad Raheem Jarallah.

47. The death of Sa'ad Raheem Jarallah was the foreseeable result of Defendants' wrongful acts and omissions.

///

## COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

49. Defendants intentionally inflicted severe emotional distress by way of extreme and outrageous conduct on Plaintiff and his family members.

50. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiff.

51. Defendants' acts caused grave and foreseeable injuries to Plaintiff and his family members.

## COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

53. Defendants negligently inflicted severe emotional distress on Plaintiff and his family members.

54. Defendants breached a duty to Plaintiff and others present at the scene of the killings and infliction of bodily injury.

55. Defendants' negligence directly and foreseeably harmed Plaintiff.

## COUNT SIX – NEGLIGENT HIRING, TRAINING AND SUPERVISION

56. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

57. Defendants acted negligently and directly harmed Plaintiff by:

    (a)    failing to take the appropriate steps in hiring proper personnel to perform services;

    (b)    failing to properly screen personnel before their hiring;

    (c)    failing to train personnel properly;

    (d)    failing to investigate allegations of wrongdoing;

    (e)    failing to reprimand for wrongful actions;

  (f) failing to adequately monitor for and stop illegal substance abuse; and

  (g) negligently permitting repeated lawlessness by employees.

  Defendants' negligence directly and foreseeably harmed Plaintiff and his family members.

### COUNT SEVEN – TORTIOUS SPOILATION OF EVIDENCE

  58. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

  59. Defendants had a legal duty to preserve evidence relating to unauthorized uses of force.

  60. Defendants intentionally destroyed that evidence to prevent detection of its wrongdoing.

  61. Defendants' destruction of evidence significantly impaired Plaintiff's ability to prove certain facts in this action.

  62. Defendants' intent in destroying the evidence was to lessen the risk that they would be found liable by a jury hearing this action.

  63. Defendants' intentional destruction of evidence harmed and continues to harm the Plaintiff.

### PRAYERS AND DAMAGES

  64. Plaintiff and his family members, acting when necessary through the Estate, is entitled to any and all remedies available to them as a result of the conduct alleged herein, including, but not limited to:

  (a) compensatory damages for death, physical, mental and economic injuries;

///

///

///

///

///

(b) punitive damages in an amount sufficient to strip Defendants of all of the revenue and profits earned from their pattern of constant misconduct and callous disregard for human life; and

(c) any attorneys' fees and costs permitted by law.

DATED: March 26, 2009

OLIVA & ASSOCIATES, ALC

By: _____
Joseph L. Oliva, Esq.
Michael S. Faircloth, Esq.
joliva@olivalaw.com
mfaircloth@olivalaw.com

BURKE O'NEIL LLC
Susan L. Burke (Pro Hac Vice motion pending)
William F. Gould (Pro Hac Vice motion pending)
Patrick C. O'Brien, State Bar No. 208191
1000 Potomac Street, SW
Suite 150
Washington, DC 20007
202.445.1409
sburke@burkeoneil.com

CENTER FOR CONSTITUTIONAL RIGHTS
Katherine M. Gallagher (Pro Hac Vice motion pending)
666 Broadway
New York, NY 10012
Telephone: (212) 614-6455
kgallagher@ccrjustice.org

Attorneys for Plaintiff,
ESTATE OF SA'AD RAHEEM JARALLAH

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rule of Civil Procedure.

OLIVA & ASSOCIATES, ALC

By: _____
Joseph L. Oliva, Esq.
Michael S. Faircloth, Esq.
joliva@olivalaw.com
mfaircloth@olivalaw.com

BURKE O'NEIL LLC
Susan L. Burke (Pro Hac Vice motion pending)
William F. Gould (Pro Hac Vice motion pending)
Patrick C. O'Brien, State Bar No. 208191
1000 Potomac Street, SW
Suite 150
Washington, DC 20007
202.445.1409
sburke@burkeoneil.com

CENTER FOR CONSTITUTIONAL RIGHTS
Katherine M. Gallagher (Pro Hac Vice motion
   pending)
666 Broadway
New York, NY 10012
Telephone:  (212) 614-6455
kgallagher@ccrjustice.org

Attorneys for Plaintiff,
ESTATE OF SA'AD RAHEEM JARALLAH

COMPLAINT

**JS 44** (Rev. 07/89)

**CIVIL COVER SHEET** ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
ESTATE OF SA'AD RAHEEM JARALLAH

**DEFENDANTS**
XE, formerly known as BLACKWATER WORLDWIDE and BLACKWATER TRAINING CENTER, INC.;
[SEE ATTACHED LIST]

FILED 09 MAR 27 AM 11:38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** IRAQ
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT FAIRFAX, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
OLIVA & ASSOCIATES, ALC
11770 Bernardo Plaza Court, Suite 350
San Diego, CA 92128
(858) 385-0491

ATTORNEYS (IF KNOWN)

'09 CV 0631 H JMA

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 USC Section 1350 (Alien's action for tort). This action involves claims in tort by aliens committed in violation of the laws of nations or a treaty of the United States. 28:1331 jur

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | 310 Airplane | 362 Personal Injury - Medical Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 120 Marine | 315 Airplane Product Liability | | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | | | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | 861 HIA (13958) | 891 Agricultural Acts |
| 195 Contract Product Liability | [X] 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS: | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 740 Railway Labor Act | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | | 550 Civil Rights | | | 890 Other Statutory Actions |
| | | 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ _____ CHECK YES only if demanded in complaint: JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Thomas Whelan / Larry Burns Docket Number 09cv0561W-LSP/09cv0626LAB-BLM

DATE March 26, 2009

SIGNATURE OF ATTORNEY OF RECORD
Michael S. Faircloth, Esq.

16455 $350 MB 03/27/09
CP

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ATTACHMENT TO CIVIL COVER SHEET

ADDITIONAL DEFENDANTS:

FALCON;

BLACKWATER SECURITY CONSULTING, LLC;

BLACKWATER ARMOR AND TARGETS, LLC;

BLACKWATER AIRSHIPS, LLC;

BLACKWATER LOGISTICS, LLC;

RAVEN DEVELOPMENT GROUP, LLC;

GREYSTONE LIMITED TOTAL INTELLIGENCE SOLUTIONS, LLC;

THE PRINCE GROUP LLC;

EP INVESTMENTS, LLC;

U.S. TRAINING CENTER;

U.S. TRAINING CENTER SOUTHWEST;

ERIK PRINCE

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 161455      - MB

        March 27, 2009
          11:38:07

         Civ Fil Non-Pris
   USAO #.: 09CV0631
   Judge..: MARILYN L HUFF
   Amount.:                    $350.00 CK
   Check#.: 9939


        Total-> $350.00


   FROM: ESTATE OF SA'AD RAHEEM JARALLA
         VS XE, FORMERLY KNOWN AS BLACK
```